RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 11/23/09
BY ___

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-279-04 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KENNETH CLARK | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before this Court is a Motion to Revoke Order of Pretrial Release [Record Document 73], filed on behalf of the United States of America. The Government requests the Court revoke the order of pretrial release entered by the Magistrate Judge in the Southern District of Texas in case number H-09-891M, and order the detention of the defendant pending trial. For the reasons assigned herein, the Government's motion is **GRANTED.**

## FACTUAL BACKGROUND

Defendant Kenneth Clark and twelve others were indicted by the Grand Jury in the Western District of Louisiana, Shreveport Division, on October 28, 2009, on charges of drug conspiracy, in violation of 21 U.S.C. § 846. On November 5, 2009, Clark surrendered himself to Drug Enforcement Administration ("DEA") Agent Collin Hill in Houston, Texas after being informed that a warrant had been issued for his arrest in connection with the drug charges pending in the Western District of Louisiana. At his initial appearance, the Government moved for pretrial detention pursuant to 18 U.S.C. 3142(e)(3)(A). A detention hearing was held on November 6, 2009 before a magistrate judge in the Southern District of Texas, Houston Division. After hearing the testimony from the DEA case agent, the Clark's wife and Clark's sister, the magistrate judge ordered the pretrial release of Clark

on a $100,000 bond co-signed by his sister. The magistrate judge also ordered Clark be placed under the supervision of the Pretrial Services Agency prior to trial.

That same day, the United States Attorney's Office in the Western District of Louisiana obtained a stay order of Clark's release, pending the resolution of the Government's motion and memorandum in support thereof to revoke the magistrate judge's pretrial release order.

## LAW AND ANALYSIS

Pursuant to 18 U.S.C. § 3145, a United States District Judge may review a magistrate judge's order of pretrial detention *de novo*. United States v. Fortuna, 769 F.2d 243, 249 (5th Cir. 1985). When undertaking such a *de novo* review, the District Court may make an independent determination of whether pretrial detention is appropriate and of any conditions of release. Id. at 249-50.

The Bail Reform Act of 1984, 18 U.S.C. § 1341 *et seq.*, establishes the legal framework which the Court must apply in making pretrial determination. Under the Act, the court "*shall* order the pretrial release of the person . . . *unless* the judicial officer determines that such release will not reasonably assure the appearance of the person required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added). The Bail Reform Act permits the Court to order pretrial detention only if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

However, the Bail Reform Act also creates a rebuttable presumption in favor of detention where, as in this case, there is probable cause to believe the defendant has committed a controlled substance offense for which a maximum term of imprisonment of ten years or more is prescribed. See 18 U.S.C. § 3142(e)(3)(A); United States v. Jefferson, 40 F.3d 385 (5th Cir. 1994); United States v. Bosque-Villarreal, 868 F.2d 1388 (5th Cir. 1989). In determining whether there are any conditions of release "that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court should consider the following factors: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, including his character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history of substance abuse, criminal history, and record concerning appearance at court proceedings, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g); Jefferson, 40 F.3d at 385; United States v. Rueben, 974 F.2d 580, 586 (5th Cir. 1992).

The Fifth Circuit has previously held that "when the defendant has presented considerable evidence of his longstanding ties to the locality in which he faces trial, the presumption of flight has been rebutted." Rueben, 974 F.2d at 586 (citing United States v. Jackson, 845 F.2d 1262, 1266 (5th Cir. 1988). But the Fifth Circuit has also held that the risk of continued narcotics trafficking on bail constitutes a risk to the community. Id. (citing United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1989)). For pretrial detention to be imposed, the Court may find there is a lack of reasonable assurance of either the

defendant's appearance *or* the safety of others or the community; both are not required. Id. (citing Hare, 873 F.2d at 799; Fortuna, 769 F.2d at 249).

After reviewing *de novo* the record in its entirely, the Court concludes that the order of pretrial release is not supported by the proceedings below. First, Clark has not rebutted the presumption of flight because there is no evidence that he has any ties *to the locality in which he faces trial*. The evidence presented at the hearing establishes that Clark has significant ties to the community in Houston, Texas, where he was arrested, but there was no evidence presented demonstrating that he has any ties to the community in the Western District of Louisiana, where he will be tried. Furthermore, Clark has not rebutted the presumption that he is a danger to the community, as he failed to present any evidence indicating that he will refrain from engaging in drug trafficking while released on bail. Accordingly, Clark has not rebutted the presumption that "no condition or combinations of conditions" will reasonably assure his appearance at trial or the safety of others and the community.

## CONCLUSION

The Court concludes that the magistrate judge erred in ordering the pretrial release of the defendant.

Accordingly,

**IT IS ORDERED** that the Government's Motion to Revoke Order of Pretrial Release [Record Document 73] be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Kenneth Clark be **DETAINED** pending the judicial proceedings against him.

**IT IS FURTHER ORDERED** that Defendant Kenneth Clark be and is hereby commanded to the custody of the United States Marshal Service for transportation to the Western District of Louisiana. The defendant shall be delivered to the United States Marshal for that district or to some other person authorized to receive the defendant.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 23rd day of November, 2009.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE